**SHIELDS et al. v. HAWKINS.**

No. 7878.

United States Court of Appeals for the District of Columbia.

Decided Jan. 26, 1942.

Mr. Orille C. Gaudette, of Washington, D. C., for appellants.

Mr. Robert J. Hawkins, of Bethesda, Md., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellee filed, in the Municipal Court of the District of Columbia, a particulars of demand in which she set up a cause of action against appellants for $109.80; to which appellants responded with an affidavit of defense and a counterclaim accompanied by a bill of particulars in which they admitted owing the sum of $100. In the counterclaim they set up, also, a cause of action against appellee for $420 plus interest and costs; they agreed that appellee's claim might be set off against their claim to the extent of $100; and demanded judgment in the sum of $320. We took the case to settle the question whether the rules of the Municipal Court, properly interpreted, required—as appellants contend —that appellee should file an affidavit of defense in response to the counterclaim. Appellants' theory is that having filed a counterclaim, alleging a setoff, they thereupon occupied the position of plaintiff, within the meaning of Section 16-1903 of the District of Columbia Code;[1] that thereupon—pursuant to Rule 16 of the Municipal Court— it was incumbent on appellee to file an affidavit of defense; failing which appellants, as plaintiffs, were entitled to judgment as provided by that rule. Our conclusion is to the contrary.

If Rule 16 is read alone, the interpretation for which appellants contend is literally possible. But when it is read in conjunction with Rule 2 that interpretation becomes so highly improbable as not to merit serious consideration. Our decision could be placed on that ground and limited to a determination that no affidavit of defense is required in response to an affidavit of merit which accompanies a counterclaim. But we prefer to put the decision on broader ground. Rule 2, Section 3, provides that no formal pleadings shall be required, even

---

[1] 1940 edition (Act of March 3, 1901, 31 Stat. 1423, § 1565; Act of March 3, 1921, 41 Stat. 1310, § 1).

for the initiation of Class B cases. Once such an action has been initiated no further pleadings of any kind are required. In contrast are the several provisions of the rules concerning pleadings in Class A cases. As we read Rule 2, its primary purpose is to assure to people of small means, ignorant of the complexities of pleading and practice, often unrepresented by counsel, their day in court and that fair hearing on the merits which in our system of jurisprudence is regarded as fundamental. As between litigants who are represented by counsel and who are in a true sense equal before the law, as the parties no doubt were in the present case, the provision for summary judgments in default of strict compliance with requirements for formal pleadings, is a salutary one. On the contrary, such a requirement may become little better than a trap for the poor, the ignorant and the unwary, when they do not have counsel, as is frequently the case in Class B cases. This, we think, is the result which Rule 2 was designed to prevent.

Chief Justice Stone once said: "There is grim irony in speaking of the freedom of contract of those who, because of their economic necessities, give their services for less than is needful to keep body and soul together."[2] To one who is aware of the disadvantages of poor litigants in our inferior courts, there would be equally grim irony in assuming that to restrict the privilege of summary judgments to Class A cases and deny it in Class B cases would defeat the interests of the poor. Regardless of the situation of the parties in the present case, Rule 16 must, therefore, be so interpreted as to produce a result consistent with the clearly expressed purpose of Rule 2, in all Class B cases.

Affirmed.

EDGERTON, Associate Justice, concurs in the result.

---

[2] Morehead v. People of State of New York ex rel. Tipaldo, 298 U.S. 587, 632, 56 S.Ct. 918, 932, 80 L.Ed. 1347, 103 A. L.R. 1445.